JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* BENSON L. SARETSKY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, May 12, 1942.

*John A. Mullen* [*Morton Frederick* of counsel], for the plaintiff.

*David Michelsohn*, for the defendant.

WHALEN, J. Defendant moved to vacate a judgment, entered against him, on the ground that he had never been served with a summons. The motion was referred by the court, at Special Term, to the President Justice for assignment to an official referee to determine and report on the question of the service of the summons, and, pending such report, the disposition of the motion was held in abeyance. The official referee conducted a hearing and reported that no service was made on defendant. Now plaintiff moves, on the testimony and exhibits, to disaffirm the report and for a denial of the motion made by the defendant to vacate the judgment. Defendant, by cross-motion, moves to confirm the report and to grant the motion to vacate the judgment. Defendant claims that the court now has no discretion whatever in the matter and must, as a matter of course, accept the report of the official referee, for the reason that there is no power to review his determination.

The power of the official referees of the Municipal Court is derived from section 121 of the Judiciary Law, which, so far as

material on the point now in issue, reads as follows: " To any such official referee of the municipal court of the city of New York there may be referred to hear and report upon or to hear and determine by the president justice * * * of that court any action, matter, claim, motion or proceeding pending in such court which now or hereafter may be referable by statute or rules and practice of court.".

This section is implemented by statute, in subdivision 10 of section 7 of the Municipal Court Code, in part, as follows:

" In any action pending in the court the president justice shall have power to direct any of the official referees of the municipal court of the city of New York or any official referee appointed pursuant to chapter eight hundred and forty-six of the laws of nineteen hundred and eleven, as amended: * * *

" b. to determine and report upon a question of fact arising upon a motion."

There are no decisions defining the powers and duties of the court in confirming the reports of official referees in the Municipal Court.

The provisions of sections 464–471 of the Civil Practice Act, controlling the appointment and powers of referees in the Supreme Court are not directly applicable to this court on the point involved because we have our own statute covering the same subject. However, decisions construing those sections are helpful in ascertaining the meaning of the language used in our own statute.

The statute, section 7 of the Municipal Court Code, does not confer upon our official referees any power to hear and dispose of motions, but it does give them power to determine and report upon a question of fact arising upon a motion; therefore, it has been considered necessary to have the official referee report back to the justice who originally took jurisdiction of the motion for the purpose of final disposition. There are some motions where, after the referee has determined the question submitted to him, other questions remain that must be considered by the justice before a disposition of the motion may be made. In this particular motion, the report of the official referee, if binding upon this court, finally disposes of the motion, because, by his determination, it appears that the judgment is void and must be vacated. If he had reported that the summons had been served and the judgment was valid, it would have been necessary for the court to consider the further relief asked by the defendant in his moving affidavit, in which he asks that this default be opened and that he be permitted to answer and defend the action.

Matters may be referred to a referee either to hear and determine, or to hear and report, with opinion, or to determine and report.

Where a matter is referred to a referee to hear and report, it is the duty of the court, on a motion to confirm, to consider the testimony and the exhibits submitted to the referee, and it is obviously the court's duty to exercise its independent judgment and it is not bound by the opinion of the referee. (*Aron* v. *Aron*, 280 N. Y. 328.)

In the case of a referee to hear and determine, or to determine and report, the referee has the same power and authority as a justice of the court and his decision stands as the decision of the court on the question of fact submitted. His decision may be reviewed only by appeal to an appellate court. (*Bedford* v. *Hol- Tan Co.*, 140 App. Div. 282, 285; *Kiernan* v. *Consolidated Gas & Gasoline Engine Co.*, 121 Misc. 403.)

The order appointing the official referee in this matter reads: " To determine and report upon the question of fact on this motion arising out of the service of the summons." This is in conformity with the language of the statute. When the question of the service of a summons is referred to an official referee in this court, he is clothed with plenary jurisdiction to determine that question of fact: consequently the report is conclusive and binding on this court and is reviewable only by an appellate court.

The plaintiff's motion to disaffirm the report is, therefore, denied for lack of power; the cross-motion to confirm the report is granted, and the original motion to vacate the judgment is granted.